78 F.3d 588
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
ARKANSAS PEACE CENTER, Appellee,
ENVIRONMENTAL HEALTH ASSOCIATION, of Arkansas; Jacksonville
Mothers' and Children's Defense Fund, Plaintiffs,
VIETNAM VETERANS OF AMERICA, Arkansas State Council, Inc., Appellee,
William BLACKMON, Plaintiff,
Sharon GOLGAN, Appellee,
Becky SUMMERS; Jeffrey Foot, Plaintiffs,
Carolyn LANCE, Appellee,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; URS
Consultants, Defendants,
MORRISON KNUDSEN CORPORATION, Vertac Site Contractors; MRK
Incineration Company, Vertac Site Contractors, Appellants.
 No. 95-1913.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 7, 1996.
Filed Feb. 29, 1996.
 
 Appeal from the United States District Court for the Eastern District of Arkansas
 Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vertac Site Contractors ("VSC") appeals from the order entered in the District Court for the Eastern District of Arkansas[1] denying VSC's motion for sanctions under Fed.R.Civ.P. 11. For the reasons discussed below, we affirm.
 
 
 2
 We return here to the continuing litigation relating to the incineration of drummed hazardous wastes located at the Vertac Superfund site in Jacksonville, Arkansas. In 1992, Arkansas Peace Center and other organizations sought to enjoin continued incineration, alleging violations of several federal statutes and regulations, including the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601-9657, and alleging pendent state claims. The district court, finding a violation of federal law, granted the injunction; we reversed, holding the district court lacked subject matter jurisdiction because under CERCLA citizen suits challenging removal actions are precluded until after the cleanup is completed, and we remanded with directions to dismiss. Arkansas Peace Center v. Arkansas Dep't of Pollution Control & Ecology, 999 F.2d 1212, 1218 (8th Cir.1993) (APC I ), cert. denied, 114 S.Ct. 1397 (1994). On remand, plaintiffs attempted without success to amend their complaint, requesting the court to consider alternative bases for jurisdiction and new state law claims. The district court denied the motion, and dismissed the action.
 
 
 3
 In 1994, plaintiffs then filed suit in state court, alleging state law violations relating to the incineration process (APC II ). Defendants removed the case to federal court and moved to dismiss; plaintiffs moved to remand the case back to state court. The district court denied plaintiffs' motion to remand and granted defendants' motion to dismiss, concluding CERCLA conferred exclusive jurisdiction over plaintiffs' claims but, as APC I held, barred plaintiffs' suit until after the remedial action was completed. The district court noted, in the alternative, that plaintiffs' claims were barred by res judicata because plaintiffs had not appealed the district court's denial of their motion to amend to present the state law claims in APC I.
 
 
 4
 VSC moved for Rule 11 sanctions against plaintiffs' counsel, alleging APC II was filed only for the improper purpose of harassing VSC and the claims were legally and factually frivolous in light of the holding in APC I.
 
 
 5
 Following a hearing, the district court denied VSC's motion for sanctions. The district court found, based on the voluminous evidence submitted to the court in APC I, that plaintiffs' counsel were objectively reasonable in believing this evidence supported their claims in APC II. The district court concluded that the legal arguments were not specious, because plaintiffs could have reasonably believed (1) the state court could have decided the state law claims after the federal court determined it lacked jurisdiction over the federal claims, and (2) there were no res judicata impediments. Based on the same considerations, the district court also concluded APC II was not filed for an improper purpose.
 
 
 6
 The district court must apply an "objective reasonableness" standard in determining whether a Rule 11 violation has occurred. Miller v. Bittner, 985 F.2d 935, 938 (8th Cir.1993). We review all aspects of a district court's Rule 11 determination for abuse of discretion. Id.
 
 
 7
 The only relevant inquiry is whether plaintiffs' counsel was objectively reasonable in bringing APC II. Because the district court properly considered the complexity of the legal questions, the extent to which the parties researched and presented the issues, whether the action was a good faith effort to extend or modify the law, whether the counsel presented a plausible view of the law, and whether counsel weighed their tactical position in light of APC I, we hold the district court did not abuse its discretion in concluding sanctions were not warranted. See, e.g., Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 875-76 (5th Cir.1988) (en banc) (relevant factors to consider); Brown v. Federation of State Medical Bds., 830 F.2d 1429, 1435 (7th Cir.1987).
 
 
 8
 Accordingly, we affirm the order of the district court.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas